IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-09-0067-01 |
| | § | |
| ANTWAINE ALEXANDER | § | (Civil Action No. H-11-4067) |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Antwaine Alexander, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 96]. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, Alexander's pending motion is denied and the corresponding civil action (H-11-4067) is dismissed for reasons set forth briefly below.

## I.    BACKGROUND

A federal grand jury in this district returned an indictment against Alexander, and two co-defendants, charging them with aggravated bank robbery (count 1) in violation of 18 U.S.C. § 2113(a) & (d). That indictment also accused Alexander of discharging a firearm, namely, a Simonov model SKS semi-automatic 7.62 caliber rifle, during a crime of violence (count 2) in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Alexander pleaded guilty to both counts of the indictment on May 18, 2009. After considering a Pre-Sentence Report (a "PSR") prepared by the probation office, the Court sentenced Alexander to serve 75 months'

imprisonment on count 1, followed by a consecutive term of 120 months' imprisonment on count 2, for a total of 195 months in prison. Alexander did not pursue a direct appeal.

Alexander has now filed a motion for relief from his sentence under 28 U.S.C. § 2255 [Doc. # 96]. Alexander's sole claim is that his consecutive sentence is invalid under the relatively recent Supreme Court decision in *United States v. Abbott*, — U.S. —, 131 S. Ct. 18 (2010). After considering the entire record, the Court concludes that Alexander's motion must be dismissed for reasons that follow.

## II.   DISCUSSION

The pending motion must be dismissed because, pursuant to the written plea agreement in this case, Alexander expressly waived the right to appeal or to otherwise challenge his conviction and sentence collaterally under 28 U.S.C. § 2255 [Doc. # 42, *Plea Agreement*, at ¶ 7]. That plea agreement is signed by Alexander, as well as his defense counsel, and it includes an addendum in which Alexander certified that his decision was both knowing and voluntary. It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Alexander does not challenge the voluntariness of his guilty plea or the legitimacy of the waiver. Likewise, the Court has reviewed Alexander's *pro se* pleadings and finds no allegation that the waiver was tainted by ineffective assistance of counsel. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). Alexander does not otherwise allege facts that cast doubt on the

2

validity of the waiver of collateral review found in the written plea agreement.  The Court

concludes, therefore, that Alexander's claims are foreclosed by the written plea agreement.

Alternatively, even if not waived, Alexander's motion is untimely.  According to the

Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214 (1996), all petitions or motions for collateral relief under 28 U.S.C.

§§ 2254, 2255 are subject to a one-year limitations period.   The limitations period for a

§ 2255 motion runs from the latest of:

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created
>          by governmental action in violation of the Constitution or laws
>          of the United States is removed, if the movant was prevented
>          from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by
>          the Supreme Court, if that right has been newly recognized by
>          the Supreme Court and made retroactively applicable to cases on
>          collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims
>          presented could have been discovered by the exercise of due
>          diligence.

28 U.S.C. § 2255(f).  A motion filed more than a year after the latest of these dates is subject

to dismissal as barred by the AEDPA statute of limitations.

In this case, Alexander was sentenced on November 5, 2009, and the judgment

entered on November 10, 2009 [Doc. # 90].  The Fifth Circuit and the Supreme Court have

held that a judgment becomes final when the applicable period for seeking direct appellate

review of a conviction has expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003);

3

*United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). Alexander did not pursue a direct appeal. Because the judgment was entered prior to December 1, 2009, Alexander's conviction became "final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). In other words, Alexander's conviction became final on or about November 15, 2009, when his time to pursue direct review expired. *See* FED. R. APP. P. 4(a)(A) (2009).[1] That date triggered the AEDPA statute of limitations, which expired one year later on November 15, 2010. Alexander's undated motion, which is post-marked November 16, 2011, is late by at least a year and is time-barred for purposes of 28 U.S.C. § 2255(f)(1) unless another provision applies.

Alexander argues that his motion is timely under § 2255(f)(3), because his sole claim relies upon *United States v. Abbott*, — U.S. —, 131 S. Ct. 18 (2010), which was decided on November 15, 2010. In particular, Alexander maintains that his motion is timely for purposes of § 2255(f)(3) because *Abbott* recognizes a "new rule" that is retroactively applicable to defendants on collateral review. Citing the *Abbott* case, Alexander argues that this Court improperly "stack[ed] [his] sentences on top of one another, so as to make a longer sentence," because the 75-month sentence that he received for aggravated bank robbery (count 1) punishes the same conduct prohibited by 18 U.S.C. § 924(c) for discharging a

---

[1]     Alexander was sentenced before an amended version of Federal Rule of Appellate Procedure 4(b)(1)(A) became effective on December 1, 2009. The December 1, 2009 amendment extended the time allowed for filing a notice of appeal in a criminal case from 10 days to 14 days.

firearm during a crime of violence (count 2).  Alexander reasons, therefore, that the Court erred by imposing a consecutive term of 120 months' imprisonment for discharge of a firearm (count 2), and giving him a total sentence of 195 months in prison.

Alexander's arguments based on *Abbott* are misplaced.  In *Abbott*, the defendants argued, among other things, that they were exempt from serving a consecutive mandatory minimum 5-year prison term for using, carrying, or possessing a deadly weapon in connection with "any crime of violence or drug trafficking crime," under 18 U.S.C. § 924(c)(1), if conviction on a different count already yielded a mandatory sentence exceeding 5 years.  The Supreme Court disagreed, holding that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."  *Abbott*, 131 S. Ct. at 23.  The Supreme Court also clarified that, if a defendant "possessed, brandished, and discharged a gun, the mandatory penalty would be 10 years, . . . unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum."  *Id.*

Significantly, the Supreme Court in *Abbott* unanimously sided with the government, not the defendants, during a consolidated direct appeal.  *See Abbott*, 131 S. Ct. at 23.  Because the Supreme Court rejected all of the defendants' arguments, the *Abbott* case does not qualify as a new rule that could be construed as retroactive to defendants on collateral review.  *See Teague v. Lane*, 489 U.S. 288, 310 (1989); *United States v. Brown*, 305 F.3d 304, 306-10 (5th Cir. 2002) (applying the retroactivity analysis in *Teague* to a motion under

5

28 U.S.C. § 2255).  It follows that Alexander's reliance on *Abbott* does not render his motion timely for purposes of § 2255(f)(3).

More importantly, the decision in *Abbott* does not assist Alexander.  In Alexander's case, the Court imposed a 75-month prison sentence for the aggravated bank robbery charge (count 1) followed by a consecutive mandatory minimum 10-year (120 month) prison sentence for discharging a firearm during a crime of violence (count 2) in accordance with 18 U.S.C. § 924(c).  The *Abbott* case does not compel a different result.  If anything, the *Abbott* case reaffirms the propriety of Alexander's consecutive sentences.  Thus, for this additional reason, Alexander's § 2255 motion must be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

The defendant's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a

movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the defendant has a valid claim. Accordingly, a certificate of appealability will not issue.

## IV.    CONCLUSION AND ORDER

For all of the foregoing reasons, the Court **ORDERS** as follows:

1.    The defendant's pending motion for relief under 28 U.S.C. § 2255 [Doc. # 96] and the corresponding civil action H-11-4067 are **DISMISSED** with prejudice.

2.    A certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order with the docket in Civil Action No. H-11-4067.

SIGNED at Houston, Texas, on December 16th, 2011.

7

Nancy F. Atlas
United States District Judge